IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JOHN RIPLEY,** | )( Civil Action No.: 21cv333 |
| | )( (Jury Trial) |
| *Plaintiff,* | )( |
| | )( |
| V. | )( |
| | )( |
| **BEXAR COUNTY, TEXAS,** | )( |
| **SAN ANTONIO, TEXAS,** | )( |
| **SAN ANTONIO WATER SYSTEM,** | )( |
| **SHERIFF JAVIER SALAZAR,** *Individually,* | )( |
| **DEPUTY W. LEE,** *Individually,* | )( |
| **DEPUTY J. RODRIGUEZ,** *Individually,* | )( |
| **DEPUTY S. CARILLO,** *Individually,* | )( |
| **ROBERT VASQUEZ,** | )( |
| | )( |
| *Defendants.* | )( |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

NOW COMES Plaintiff JOHN RIPLEY complaining of BEXAR COUNTY, TEXAS; SAN ANTONIO, TEXAS; SAN ANTONIO WATER SYSTEM; SHERIFF JAVIER SALAZAR, *Individually;* DEPUTY W. LEE, *Individually,* DEPUTY J. RODRIGUEZ, *Individually;* DEPUTY S. CARILLO, *Individually;* and ROBERT VASQUEZ and will show the Court the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims, under 28

Plaintiff's Original Complaint

1

U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any.

2. Venue is proper in this Court, under 28 U.S.C. § 1391(b), because the incident at issue took place in Bexar County, Texas, within the United States Western District of Texas, San Antonio, Division.

## PARTIES

3. Plaintiff John Ripley is a resident of Bexar County, Texas.

4. Defendant Bexar County, Texas is a governmental unit existing within the U.S. Western District of Texas and can be served with process by serving Bexar County Judge Nelson W. Wolff at 101 Nueva, 10th Floor, San Antonio, TX 78205.

5. Defendant San Antonio, Texas is a governmental unit existing within the U.S. Western District of Texas and can be served with process by serving the Mayor of San Antonio at 115 Plaza de Armas, 2nd Floor, San Antonio, TX 78205.

6. Defendant San Antonio Water System, Texas is a public utility existing within the U.S. Western District of Texas and can be served with process by serving the President Robert R. Puente at 2800 US Hwy. 281 N, San Antonio, TX 78212.

7. Defendant Roger Vasquez works for San Antonio Water System, Texas and can be served with process by serving him at 2800 US Hwy. 281 N, San Antonio, TX 78212 or wherever he is found.

8. Defendant Sheriff Javier Salazar, *Individually,* is a resident of Bexar County, Texas and can be served with process at 200 North Comal Street, San Antonio, TX 78207 or wherever he is found.

9. Defendant Deputy W. Lee, *Individually*, is a resident of Bexar County, Texas and can be served with process at 200 North Comal Street, San Antonio, TX 78207 or wherever he is found.

10. Defendant Deputy J. Rodiguez, *Individually*, is a resident of Bexar County, Texas and can be served with process at 200 North Comal Street, San Antonio, TX 78207 or wherever he is found.

11. Defendant Deputy S. Carillo, *Individually*, is a resident of Bexar County, Texas and can be served with process at 200 North Comal Street, San Antonio, TX 78207 or wherever he is found.

## FACTS

12. John Ripley, 70, is the owner of Jasper Mobile Home Park (Jasper) at 6725 Walzem Road, San Antonio, Texas. Jasper had about 100 or so homes at all relevant times. Mr. Ripley has never lived at Jasper.

13. January 31, 2019 Bexar County Sheriff Javier Salazar held a press conference regarding the creation of an interagency task force (the Task Force) which included to improve "the quality of life and safety of residents living in Jasper

Mobile Home Park" and allegedly due to safety issues and crimes occurring on the property. The task force included the Bexar County Sheriff's Office, the San Antonio Water System (SAWS), and various agencies of Bexar County. See **Exhibit 1.** At some point Mr. Ripley stated to the local media that he disagreed with various actions of Sheriff Javier Salazar and stated the Sheriff was wrong about certain accusations including that a piece of heavy machinery at Jasper was stolen property.

14. June 13, 2019 three Bexar County Sheriff's Deputies-W. Lee, J. Rodriguez, and S. Carillo-investigated "water theft" at Jasper. Robert Vasquez, a supervisor with SAWS, was also at Jasper with the deputies. It was not until a year later that Mr. Ripley was arrested. During the after-arrest interrogation Mr. Ripley gave truthful information that reaffirmed there was no probable cause for his arrest.

15. The deputies allege they found pipes installed by someone to divert water flow around where two alleged SAWS' waters meters had been stolen, so as not to register usage and hence no water bill would be charged to the residents of the two occupied mobile homes. The deputies and Vasquez knew the subject mobile homes to be occupied by Jasper residents and that residents were responsible for paying water bills as verified by a police report.

16. Jasper residents are responsible for their own water bills.

17. Neither Jasper nor Mr. Ripley are responsible for paying for water provided by SAWS.

18. Neither Jasper nor Mr. Ripley has any economic gain if water is diverted to residents without the residents paying. Furthermore, Texas Property Code 92.008 forbids a landlord or his agent from disconnecting utilities to a tenant.

19. May 18, 2020 a warrant was issued for Mr. Ripley. An affidavit and information reports in support of the warrant were given the magistrate who signed the arrest warrant by defendants. Mr. Ripley later requested a copy of the warrant and affidavit but was refused. May 19, 2020 Mr. Ripley was arrested when several Bexar County Sheriff's deputies came to his home and at least one with his gun drawn based upon the warrant. The deputies let Mr. Ripley's dogs escape from his house during his arrest. Mr. Ripley's were observing the event causing great embarrassment and loss of reputation, exacerbated by the numerous press conferences and releases by Sheriff Salazar.

20. May 19, 2020 Sheriff Salazar stated to local media at a press conference at Jasper that "This mobile home park [Jasper] has been a nuisance for several years now," "It's something we have been monitoring off and on, on a continuous basis, and taking enforcement activity out here," and "Other people probably know that they're wanted, and I would suggest that they give us a call and turn themselves in." Sheriff Salazar was aware Mr. Ripley was being arresting and that there was no probable cause for his arrest.

21. May 19, 2020 morning Sheriff Salazar stated to the local media the Task

Force would be conducting a "health and safety" operation at Jasper.

22.     In the affidavit and police report the Defendant Sheriff's deputies and Vasquez falsely and knowingly said Ripley installed piping to illegally divert more than $9,000 worth of water from SAWS at the property and that Mr. Ripley stole two SAWS' water meters. There were no stolen water meters by anyone-one meter was removed by SAWS and the other meter never existed according to SAWS records.

23.     John Ripley was arrested on the Class A misdemeanor charge of criminal mischief - impairment of public service, according to Bexar County booking records and theft.

24.     A warrant released by the Bexar County Sheriff's office to local TV station KSAT Channel 12 accused Mr. Ripley of removing the water meter from one of the lots at Jasper Mobile Home Park and installing piping in two lots there before June 19, 2020, in order to tap into the water supply of the San Antonio Water System without paying for it.

25.     According to news reports the affidavits said that Bexar County Sheriff's deputies accused Mr. Ripley of removing two water meters and replacing them with flex pipes, causing the water supply to be diverted. Mr. Ripley's actions caused losses to SAWS of around $9,100, the warrant falsely stated. Prior to his arrest Sheriff Salazar, Robert Vasquez, W. Lee, J. Rodiguez, Deputy S. Carillo, and

Robert Vasquez all were aware that there was no probable cause that Mr. Ripley committed any crime.

26. Mr. Ripley spent about 14 hours in the Bexar County custody when many inmates had Covid-19 and were not wearing masks over their faces. Mr. Ripley, because of age and a pre-existing condition, was highly susceptible to Covid-19.

27. Mr. Ripley appeared in front of a magistrate and was given a PR bond. The PR bond required that Mr. Ripley not leave Bexar County, and had other restrictions.

28. The criminal cases ended in Mr. Ripley's favor September 28, 2020 without any fine, fee, incarceration time required, overt act required, or any other obligation performed or due by Mr. Ripley.

29. The reason cited for the dismissal in the court record was "insufficient evidence" and in fact there was no probable cause at any time or reasonable suspicion that Mr. Ripley had committed any crime.

30. Due to the Defendants' actions Mr. Ripley has suffered at least PTSD, pain, anxiety, depression, fear, nightmares, lost sleep, flashbacks, headaches, and stomach pain. Mr. Ripley has expended funds on a psychiatrist and psychologist due to the incidents.

## CAUSES OF ACTION

### Violations of the Fourth and Fourteenth Amendment

31. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

32. The Fourth Amendment guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV.* Fourth Amendment violation are actionable under 42 U.S.C. Section 1983.

33. Defendants violated Mr. Ripley's Fourth Amendment right when they entered and searched his home, falsely arrested him, lied on police reports and affidavits, and maliciously prosecuted him for crimes he did not commit.

### Violations of the First Amendment

34. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

35. The First Amendment restricts the government from "abridging freedom of speech . . . ." U.S. Const. Amend. I. The U.S. Supreme Court recently reiterated the principle that government officials cannot retaliate against individuals for engaging in protected speech absent sufficient non-retaliatory grounds. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (citing *Hartman v. Moore*, 547 U.S. 250, 256

(2006), *Crawford-El v. Britton*, 523 U.S. 574, 593 (1998), *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 283–84 (1977)). Defendants violated Mr. Ripley's right to Free Speech when they retaliated against him for speaking out that Sheriff Salazar was wrong about a January 19, 2019 raid and concerning a fire caused by Sheriff's deputies and other matters of public concern and thus prevented Mr. Ripley from speaking on several occasions.

## BYSTANDER/FAILURE TO INTERVENE LIABILITY

36. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37. Mr. Ripley also asserts a bystander-liability claim against Sheriff Salazar, Deputies Lee, Rodriguez and Carillo and Robert Vasquez under *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). An officer may be liable under § 1983 under a theory of bystander liability where the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013).

38. In *Whitley*, this Court acknowledges the theory of bystander liability for excessive force claims. *Whitley*, 726 F.3d at 646; *See Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) (holding that an officer who is present at the scene and

Plaintiff's Original Complaint

9

does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983); *Ware v. Reed*, 709 F.2d 345, 353 (5th Cir.1983) (concluding that an "instruction on the defendant's alleged acquiescence in the unconstitutional conduct of other officers should have been given"). Other circuit courts are also in agreement that the direct use of excessive force is not required to impose liability under § 1983. *Garbacik v. Janson*, 111 Fed.Appx. 91, 94 (3rd Cir. 2004). *See also, Webb v. Hiykel*, 713 F.2d 405, 408 (8th Cir.1983) (concluding that an officer has "a duty to prevent the use of ... force, even if the officers beating [the victim] were [the officer's] superiors"); *Bruner v. Dunaway*, 684 F.2d 422, 426 (6th Cir.1982) (concluding "that it is not necessary, in order to hold a police officer liable under § 1983, to demonstrate that the officer actively participated in striking a plaintiff"); *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir.1972) (stating that "one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge" and that this responsibility exists "as to nonsupervisory officers who are present at the scene of such summary punishment").

## ASSAULT and BATTERY

39.     Plaintiff incorporates the preceding paragraphs as if fully set forth

herein.

40.     Assault has the following elements:

1. The defendant acted intentionally, knowingly, or recklessly.

2. The defendant made contact with the plaintiff's person.

3. The defendant's contact caused bodily injury to the plaintiff.

--See *Moore v. City of Wylie*, 319 S.W.3d 778, 782 (Tex.App.—El Paso 2010, no pet.).

41.     The basis for an action for assault by offensive physical contact is the unpermitted or intentional invasion of the plaintiff's person, not the harm done to the plaintiff's body. *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 630 (Tex.1967). In an action for assault by offensive physical contact, the plaintiff can recover actual damages for mental anguish even without showing physical injury. *Id.* Sheriff Salazar, Deputies Lee, Rodriguez and Carillo and Robert Vasquez may not have been acting on good faith and may have decided to allow the arrest of Mr. Ripley as a private matter. *Townsend v. Moya,* 291 F.3d 859, 860, 861–62 (5th Cir. 2002).

**Policy, Practice, Custom and Procedure/Ratification/Actions of a Policymaker**

42.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

43. Mr. Ripley had his rights violated and was injured due to the policies, practices, customs and procedures of Bexar County and San Antonio, Texas including at least:

   a. failure to train its officers;

   b. failure to discipline officers for false arrest and malicious prosecution;

   c. ratification of use of false arrest and malicious prosecution.

44. Sheriff Salazar is a policymaker for Bexar County and as such Bexar County is liable for his actions injuring Mr. Ripley.

## PUNITIVE DAMAGES

45. Mr. Ripley incorporates the preceding paragraphs as if fully set forth herein.

46. All individual Defendant and the San Antonio Water System are liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## NEGLIGENCE/GROSS NEGLIGENCE

47. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

Plaintiff's Original Complaint

12

48. Pleading in the alternative Defendant SAWS had a duty to use ordinary care in its training, hiring, and supervision of their employees and to assure accuracy of the information it gives out regarding its business. Defendant Vasquez had a duty to use ordinary care in giving out information and records concerning water usage at SAWS and SAWS practices. Defendants breached that duty causing Plaintiff damages.

## ATTORNEY'S FEES

49. Mr. Ripley is entitled to recover attorneys' fees and costs to enforce his Constitutional rights and under 42 U.S.C. Sections 1983 and 1988, from Defendants.

## JURY TRIAL

50. Mr. Ripley demands trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

A. Enter judgment for Plaintiff against Defendant each and every defendant jointly and severally;

B. Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against defendants;

C. Award damages to Plaintiff for the violations of his Constitutional rights and state law;

D. Award Pre- and post-judgement interest;

E. Award Punitive damages against all individually named defendants; and

F. Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows himself entitled.

                                      Respectfully Submitted,

                                      */s/ Randall L. Kallinen*
                                      Kallinen Law PLLC
                                      Randall L. Kallinen
                                      State Bar of Texas No. 00790995
                                      Member, U.S. Western District of Texas Bar
                                      511 Broadway Street
                                      Houston, Texas 77012
                                      Telephone:  713/320-3785
                                      FAX:        713/893-6737
                                      E-mail:     AttorneyKallinen@aol.com
                                      Attorney for Plaintiff